IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 2, 2015 at Jackson

## STATE OF TENNESSEE v. BILLY JEREMY JONES

**Appeal from the Circuit Court for Bedford County**
**No. 17894     Forest A. Durard, Jr., Judge**

───────────────

**No. M2014-02362-CCA-R3-CD – Filed September 2, 2015**

───────────────

The Defendant, Billy Jeremy Jones, entered an open guilty plea to felony failure to appear. The trial court, thereafter, sentenced him to four years, as a Range II, persistent offender, and ordered that sentence to run consecutively to the eight-year sentence on the underlying conviction for which the Defendant failed to appear. The sole issue presented for our review is whether the effective twelve-year sentence is excessive. Discerning no abuse of discretion, we affirm the sentencing decision of the Bedford County Circuit Court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and ROBERT L. HOLLOWAY, JR., JJ., joined.

Donna Orr Hargrove, District Public Defender; and Andrew Jackson Dearing III (plea acceptance hearing) and Michael J. Collins (plea acceptance hearing, sentencing hearing, and on appeal), Assistant District Public Defenders, for the appellant, Billy Jeremy Jones.

Herbert H. Slatery III, Attorney General and Reporter; Meredith DeVault, Senior Counsel; Robert James Carter, District Attorney General; and Michael David Randles, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION
### FACTUAL BACKGROUND

The Defendant was charged in case number 17837 with possession of a Schedule II controlled substance, methamphetamine, with the intent to sell (Count 1) and with possession of a Schedule II controlled substance, methamphetamine, with the intent to deliver (Count 2), both Class B felonies. See Tenn. Code Ann. § 39-17-417. He entered a guilty plea to Count 1 on June 16, 2014, and Count 2 was dismissed. In exchange for

the Defendant's plea, he received an eight-year sentence as a Range I, standard offender, to be served in the Department of Correction ("DOC"). He was scheduled to report to the Bedford County Jail on July 5, 2014, to begin serving this sentence. After failing to appear at the Bedford County Jail as ordered, the Defendant turned himself in to authorities several days later on July 10, 2014.

The Defendant was subsequently indicted in case number 17894 for failure to appear, a Class E felony. See Tenn. Code Ann. § 39-16-609. He entered an open guilty plea to this charge on August 18, 2014, and the matter was set for sentencing.

At the sentencing hearing, the Defendant's presentence report was admitted into evidence without objection. The report reflected that the thirty-three-year-old Defendant had a history of juvenile and adult convictions in Bedford, Robertson, and Rutherford Counties, including several probation violations, and that he had one Florida conviction. It was also stated therein that the Defendant had a lengthy record in Henderson, Kentucky but that the officer had encountered difficulty obtaining those records. The Defendant also reported frequent use of alcohol, marijuana, cocaine, methamphetamine, and prescription pain medicine, beginning with his using marijuana at age fourteen and drinking alcohol at age fifteen. He stated that he began using cocaine in 1999, the same year he graduated from Shelbyville Central School, but switched to methamphetamine in 2013. The Defendant also reported sporadic employment as a laborer, the longest period with Shelbyville Insulation from May 2001 to February 2004.

The State called one witness, Kimberly Goney, the DOC probation and parole officer who prepared the Defendant's presentence report. Regarding the Defendant's felony convictions, Ms. Goney noted that the Defendant was convicted of vandalism valued at $500 or more but less than $1,000 on July 3, 2006 and that he received a one-year sentence at 30% for that conviction, which was suspended to probation. According to Ms. Goney, the Defendant was also convicted of "grand larceny" valued between $300 and $2,000 in Escambia County, Florida on June 28, 2006; Ms. Goney opined this was possibly a misdemeanor conviction based upon the sentence imposed. She could only say for certain that the Defendant had two felony convictions, the 2006 vandalism conviction and the underlying drug conviction for which he failed to appear.

Regarding the Defendant's probationary violations, Ms. Goney testified that the Defendant pled guilty to driving under the influence ("DUI") on December 20, 2012. Ms. Goney detailed that the Defendant's probation on the DUI charge was revoked on March 12, 2014 and that he was "sentenced to serve the time[.]" However, according to Ms. Goney, the Defendant was thereafter reinstated to probation for ten months and two days on the DUI charge but was ordered to serve the sentence if there was any future violation of that charge. Also according to Ms. Goney, the Defendant violated his probation on the 2005 Florida conviction on February 19, 2007, and he was revoked to

serve his original sentence of eleven months and fifteen days. Ms. Goney further relayed that the Defendant was convicted of simple possession of marijuana on February 3, 2004, that his probation on that charge was revoked on January 5, 2005, and that he was ordered to serve 120 days in lieu of probation. Finally, Ms. Goney said that the Defendant's probation was also twice revoked on a May 31, 2001 conviction for domestic violence.

We note that the presentence report also shows a May 16, 2006 conviction for "violation of bond conditions." The Defendant did not present any proof.

In imposing sentence upon the Defendant, the trial court found two applicable enhancement factors and one applicable mitigating factor. It utilized enhancement factor (1), that the Defendant had a history of criminal convictions or criminal behavior, in addition to that necessary to establish his range; and factor (13), that the Defendant committed this offense while on judicially ordered release. See Tenn. Code Ann. § 40-35-114(1), (13). In mitigation, the trial court applied factor (1), that the Defendant's conduct neither threatened nor caused serious bodily injury. See Tenn. Code Ann. § 40-35-113(1).

In its application of enhancement factor (1), the trial court noted that the Defendant had a rather "extensive history" of misdemeanor convictions, consisting of "at least seven A misdemeanors and [nineteen] C misdemeanors[,]" that were in addition to the two felonies used to enhance his range classification, and that he had five probation violations. Acknowledging that the Defendant's convictions in addition to the felonies used to establish his range consisted of only misdemeanors, the trial court stated that it was placing emphasis on his seven Class A misdemeanors, which included domestic assault and several thefts, and the multiple probation violations as being "past performance . . . indicative of future conduct[.]" Regarding factor (13), the trial court observed, "I allowed him, graciously, to have a report date, and I generally don't have trouble with people reporting when I tell them to report[.]" The trial court further stated, "He has had bite after bite after bite of the apple, and he has not apparently learned very much from it. What is troubling to the [c]ourt is I told him to do something and then he didn't do it." The trial court sentenced the Defendant as a Range II, multiple offender to four years at 35% for the Class E felony failure to appear. Therefore, the Defendant received the maximum sentence in his range. See Tenn. Code Ann. § 40-35-112(b)(5).

In determining whether the sentences would be served concurrently or consecutively, the trial court noted that it had "some discretion" under the failure to appear statute in this regard. See Tenn. Code Ann. § 39-16-609(f) ("Any sentence received for a violation of this section may be ordered to be served consecutively to any sentence received for the offense for which the defendant failed to appear.") (Emphasis added)); see also State v. James Christopher Rainey, No. 01C01-9311-CC-00391, 1994

WL 390416, at *2 (Tenn. Crim. App. July 28, 1994) (holding that the trial judge is vested with discretion to order a sentence for failure to appear to be served either concurrently or consecutively). The trial court then concluded that the Defendant was an offender with a record of extensive criminal activity, see Tennessee Code Annotated section 40-35-115(b)(2), and ordered that the four-year sentence be served consecutively to the Defendant's prior eight-year sentence for which he failed to appear.[1] This appeal followed.

## ANALYSIS

On appeal, the Defendant argues that the trial court imposed an excessive sentence. He contends that "[a] more appropriate sentence . . . would have been either a two-year [sentence] at thirty-five percent to be served consecutively or a sentence ran concurrently with his prior sentence." The State responds that the trial court imposed an effective sentence consistent with the purposes and principles of the Sentencing Act and that the Defendant has failed to overcome the presumption of reasonableness afforded that decision or show that the trial court abused its discretion. We agree with the State.

Before a trial court imposes a sentence upon a convicted criminal defendant, it must consider: (a) the evidence adduced at the trial and the sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) evidence and information offered by the parties on the enhancement and mitigating factors set forth in Tennessee Code Annotated sections 40-35-113 and 40-35-114; (f) any statistical information provided by the Administrative Office of the Courts as to Tennessee sentencing practices for similar offenses; and (g) any statement the defendant wishes to make in the defendant's own behalf about sentencing. Tenn. Code Ann. § 40-35-210(b). When an accused challenges the length and manner of service of a sentence, this court reviews the trial court's sentencing determination under an abuse of discretion standard accompanied by a presumption of reasonableness. State v. Bise, 380 S.W.3d 682, 707 (Tenn. 2012). Moreover, appellate courts may not disturb the sentence even if we had preferred a different result. See State v. Carter, 254 S.W.3d 335, 346 (Tenn. 2007). The party challenging the sentence imposed by the trial court has the burden of establishing that the sentence is erroneous. Tenn. Code Ann. § 40-35-401, Sentencing Comm'n Cmts.; State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

---

[1] The trial court also found consecutive sentencing to be mandated by the provisions of Tennessee Code Annotated section 40-20-111(b) and Tennessee Rule of Criminal Procedure 32(c)(3)(C) because the Defendant was on bail when he committed this felony. However, this court in Rainey, applying principles of statutory construction, placed discretion with the trial court despite these provisions due to the language of Tennessee Code Annotated section 39-16-609(f). See 1994 WL 390416, at *1-2.

In accordance with the broad discretion now afforded a trial court's sentencing decision, "misapplication of an enhancement or mitigating factor does not invalidate the sentence imposed unless the trial court wholly departed from the 1989 Act, as amended in 2005." Bise, 380 S.W.3d at 706. This court will uphold the trial court's sentencing decision "so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute." Id. at 709-10. Those purposes and principles include "the imposition of a sentence justly deserved in relation to the seriousness of the offense," Tennessee Code Annotated section 40-35-102(1), a punishment sufficient "to prevent crime and promote respect for the law," Tennessee Code Annotated section 40-35-102(3), and consideration of a defendant's "potential or lack of potential for . . . rehabilitation," Tennessee Code Annotated section 40-35-103(5). Carter, 254 S.W.3d at 344.

Furthermore, our supreme court has held "the abuse of discretion standard, accompanied by a presumption of reasonableness, applies to consecutive sentencing determinations." State v. Pollard, 432 S.W.3d 851, 860 (Tenn. 2013). A trial court may order multiple offenses to be served consecutively if it finds by a preponderance of the evidence that a defendant fits into at least one of the seven categories in section 40-35-115(b). Tenn. Code Ann. § 40-35-115(b). This court must give "deference to the trial court's exercise of its discretionary authority to impose consecutive sentences if it has provided reasons on the record establishing at least one of the seven grounds listed in Tennessee Code Annotated section 40-35-115(b)." Pollard, 432 S.W.3d at 861. Moreover, "[a]ny one of these grounds is a sufficient basis for the imposition of consecutive sentences." Id. at 862 (citing State v. Dickson, 413 S.W.3d 735, 748 (Tenn. 2013)). "So long as a trial court properly articulates reasons for ordering consecutive sentences, thereby providing a basis for meaningful appellate review, the sentences will be presumed reasonable and, absent an abuse of discretion, upheld on appeal." Id. (citing Tenn. R. Crim. P. 32(c)(1); Bise, 380 S.W.3d at 705). When imposing consecutive sentences, the court must still consider the general sentencing principles that each sentence imposed shall be "justly deserved in relation to the seriousness of the offense," "no greater than that deserved for the offense committed," and "the least severe measure necessary to achieve the purposes for which the sentence is imposed." Tenn. Code Ann. §§ 40-35-102(1), -103(2), -103(4); State v. Imfeld, 70 S.W.3d 698, 708 (Tenn. 2002).

In asserting that his sentence is excessive, the Defendant does not contest the trial court's application of any one of the enhancement factors or the criterion used to support consecutive sentencing. Instead, the Defendant claims that the trial court failed to consider the sentencing principles and purposes codified at Tennessee Code Annotated sections 40-35-102 and 40-35-103, asserting that "the punishment imposed does not fit the crime or the offender." He further argues that having him serve twelve years in confinement is a waste of the State's financial resources.

To the contrary, our review of the sentencing hearing transcript indicates that the trial court carefully considered the evidence, the enhancement and mitigating factors, and the purposes and principles of sentencing prior to imposing a consecutive, within-range sentence of confinement in this case. The Defendant's record of criminal convictions and behavior was indeed extensive as shown by the presentence report and Ms. Goney's testimony. As for the Defendant's argument about the cost of his incarceration, it neither overcomes the presumption of reasonableness nor demonstrates an abuse of the trial court's discretion. Therefore, the Defendant has failed to establish that the trial court abused its discretion in imposing an effective twelve-year sentence, and he is not entitled to relief.

## CONCLUSION

Upon consideration of the foregoing and the record as a whole, the sentencing decision of the Bedford County Circuit is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE